UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

Kimberly Giles Rollick,                )
                                       )
        *Plaintiff*,                   )
                                       )
v.                                     )   No.: 3:13-CV-726-PLR-HBG
                                       )
JPMorgan Chase Bank, N.A.,             )
                                       )
        *Defendant*.                   )

**Memorandum Opinion**

This matter comes before the Court on the defendant JPMorgan Chase Bank's motion to dismiss the *pro se* plaintiff's complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The plaintiff alleges she took two loans from JPMorgan in the amounts of $191,000 and $55,000. She claims JPMorgan breached their loan agreements by failing to "lend the plaintiff lawful money of the United States and instead substituted a check with the intended purpose of circulating it as money." Additionally, the plaintiff accuses JPMorgan of fraud and racketeering, usury, and violations of the Truth in Lending Act. Because the plaintiff's complaint fails to state a claim for which relief can be granted, the defendant's motion to dismiss will be granted, and the plaintiff's complaint will be dismissed.

**I. Standard of Review**

Rules 8(a) and 12(b)(6) require the complaint to articulate a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This requirement is met when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). A motion to dismiss under Rule 12(b)(6) requires the court to construe the complaint in the light most favorable to the plaintiff, accept all the complaint's factual allegations as true, and determine whether the plaintiff can prove no set of facts in support of the plaintiff's claims that would entitle the plaintiff to relief. *Meador v. Cabinet for Human Resources,* 902 F.2d 474, 475 (6th Cir. 1990) *cert. denied,* 498 U.S. 867 (1990).

The court may not grant a motion to dismiss based upon a disbelief of a complaint's factual allegations. *Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir. 1990); *Miller v. Currie,* 50 F.3d 373, 377 (6th Cir. 1995) (noting that courts should not weigh evidence or evaluate the credibility of witnesses). The court must liberally construe the complaint in favor of the party opposing the motion. *Id.* However, the complaint must articulate more than a bare assertion of legal conclusions. *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434 (6th Cir. 1988). "[The] complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id.* (citations omitted).

## II. Background

On June 17, 2003, JPMorgan approved the plaintiff for a loan in the amount of $191,000 at a 4.804% annual interest rate. In turn, the plaintiff executed a "mortgage, deed of trust, note, etc." [R. 1-1, p. 5]. JPMorgan sent a check to the plaintiff for the money, and she has since made payments of principal and interest totaling $151,160.94. On January 26, 2005 JPMorgan entered into a second loan agreement with the plaintiff for $55,000. According to the complaint, she has made payments of principal and interest totaling $50,971.94 on the second loan.

Based on these two loans, the plaintiff asserts the following four legal claims:

1. the defendant breached its contract(s) by "fail[ing] to lend the plaintiff lawful money of the United States and instead substitut[ing] a check with the intended purpose of circulating it as money;"

2. JPMorgan and other unnamed parties associated with the writing and processing of the $191,000 check "are in collusion in using the U.S. Mails and Wire Services to collect on this unlawful debtm," and are engaged in a "pattern of racketeering activity" for which plaintiff seeks "triple damages;"

3. the interest rates charged on both loans is usurious "due to the fact that the actual amount of lawful money risked by [JPMorgan] in making the loan was less than 10% of the loan's face value;" and

4. JPMorgan violated the Truth in Lending Act by failing or refusing to disclose that "Plaintiff was the depositor and that the Defendant(s) risked none of their assets in exchange, or any assets of other depositors."

[R. 1-1, p. 6-8]. Based on these allegations, the plaintiff urges the Court to "empanel a Grand Jury to investigate [JPMorgan] for violations of Federal Antitrust laws and the Federal Racketeering laws . . . and for conspiracy to violate the plaintiff and other citizens [*sic*] Constitutional Rights." *Id.* The plaintiff also seeks damages in the amount of $191,000 and $55,000 for the loans and "three times this amount" in punitive damages. Finally, the plaintiff asks the Court to declare the loan documents null and void. *Id.*

### III. Discussion

As should be clear from the above description, the plaintiff's complaint is nonsensical. *Pro se* plaintiffs' complaints are generally held to "less stringent standards than formal pleadings

drafted by lawyers." *Malone v. Colyer*, 710 F.3d 258, 260 (6th Cir. 1983). However, *pro se* plaintiffs are not automatically entitled to take every case to trial. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). "The lenient treatment generally accorded to *pro se* litigants has limits." *Shirley v. NationStar Mortg., LLC*, 2011 WL 1196787, at *1 (E.D. Tenn. March 29, 2011) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)).

The plaintiff's breach of contract claim is without merit. The plaintiff concedes that she signed the loan documents associated with both loans, that she received a check from the defendant in exchange, and that she has repaid sizeable portions of both loans. The plaintiff provides no support whatsoever for her claim that she was not loaned "lawful money of the United States." JPMorgan gave the plaintiff a check for the $191,000 loan. Should this not be "lawful money of the United States," this Court is at a loss for how JPMorgan could have satisfied such a requirement short of handing the plaintiff a bag of cash after she executed the loan documents.[1]

A plaintiff who alleges a breach of contract must prove the existence of an enforceable contract, nonperformance amounting to a breach of the contract, and resultant damages. *Id.* (citing *BankCorp South Bank, Inc. v. Hatchel*, 223 S.W.3d 223, 227 (Tenn.Ct.App. 2006)). The plaintiff does allege the existence of an enforceable contract, however, she fails to cite any language in the contract requiring JPMorgan give her "lawful money of the United States," and she does not explain why a check would not satisfy such a requirement. Additionally, and importantly, the plaintiff fails to allege any damages caused by this supposed breach. According to her complaint, she received the benefit of the loan proceeds, and she has been repaying them

---

[1] The Court also finds itself wondering why the plaintiff waited over eleven years to raise her objection to the form of JPMorgan's payment.

for several years. What harm befell the plaintiff for receiving a check as opposed to cash is not explained or explainable. The defendant's motion to dismiss Count 1 will be granted.

Count 2 broadly and without support alleges that JPMorgan and other unnamed entities violated the Racketeer Influenced and Corrupt Organizations Act (RICO). The plaintiff's conclusory statement that the defendant used the U.S. Mail to collect an unlawful debt is unsupported by any factual allegations to indicate what was fraudulent, incorrect, or misleading about the debt or the defendant's collection of the loan payments. Accordingly, the defendant's motion to dismiss Count 2 is will be granted.

The plaintiff's usury claim likewise fails as a matter of law. Under Tennessee law, a contract is "usurious" when there is any contingency whereby the lender may get more than the lawful rate of interest. *Cumberland Capital Corp. v. Patty*, 556 S.W.2d 516 (Tenn. 1977). The default maximum effective rate of interest in Tennessee is ten percent per year. *See* Tenn. Code Ann. § 47-14-103(3). The plaintiff clearly stated that the interest rate charged for the $191,000 loan is 4.8047 %. The plaintiff does not identify the interest rate for the $55,000 loan. In either case, the plaintiff has failed to allege that the interest rates charged by either loan exceed Tennessee's ten percent cap. The defendant's motion to dismiss Count 3 of the plaintiff's complaint will be granted.

Finally, the plaintiff's Truth in Lending Act claim fails to state a claim for which relief can be granted. The plaintiff's allegations do not provide any factual support for the assertion that the defendant "risked none of their assets in exchange [presumably for the loan], or any assets of other depositors." Moreover, the complaint does not explain why the defendant's risk associated with the loan is a material fact that must be disclosed. The defendant's motion to dismiss Count 4 will be granted.

5

## IV. Conclusion

For the foregoing reasons, JPMorgan's motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure [R. 8] is **Granted**, and this case is **Dismissed.**

_____
**UNITED STATES DISTRICT JUDGE**